IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00035-MR

| | |
|---|---|
| **JUSTIN JARELL EASON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU TURNER, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are the Plaintiff's pro se Motion for Preliminary Injunction [Doc. 3] and "Order to Cause for [an] Injunction a Temporary Restraining Order" [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.  BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. [Doc. 1]. He names as Defendants: FNU Turner, a Security Risk Group (SRG) intelligence officer; Kenneth Poteat, a unit manager; and Jerry D. Laws, a disciplinary hearing officer (DHO). He appears to argue that a disciplinary

conviction violated due process, and that his confinement in segregation violates prison policy and constitutes cruel and unusual punishment. [Id. at 2-3]. As injury, he claims that his time in prison has been lengthened and that that his mental health condition has worsened. [Id. at 3]. He seeks damages, good time/gain time, the immediate release from segregation, and the immediate release from prison. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

2

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Disciplinary Infraction

First, the Plaintiff claims that Defendant Turner "falsely" accused him of being a sovereign citizen, and that this "bogus claim" caused him to lose gain time or good time credits and the opportunity to be released from prison at the end of the minimum sentence term. [Doc. 1 at 2-3]. Construing the Complaint liberally, the Plaintiff appears to suggest that Defendant Laws found him guilty of the false sovereign citizen disciplinary infraction, and that Defendant Poteat failed to correct that false infraction. [Id. at 2].

This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and

3

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on his claim that the disciplinary charge was unfounded, that would necessarily imply the invalidity of the disciplinary conviction. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of

4

prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, Plaintiff's claim appears to be barred by Heck, and it is therefore dismissed.

B.  **Conditions of Confinement**

The Plaintiff claims that his confinement in segregation, which resulted from the disciplinary conviction, violates the Eighth Amendment and prison policy. [Doc. 1 at 3]. He claims that his "mentle [sic] health has worsen[ed] because now [he] must do another six months in lockup." [Id.].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The Plaintiff admits that the segregation was imposed because of a disciplinary infraction. See generally Porter v. Clarke, 923 F.3d 348, 362-63 (4th Cir. 2019) (noting that "a legitimate penological justification can support prolonged detention of an inmate in segregated or solitary confinement … even though such conditions create an objective risk of serious emotional and psychological harm"). Moreover, he has not alleged that any Defendant knew of, and deliberately disregarded, an excessive risk to his health or safety. He alleges only that having to serve another six months in segregation has caused his mental health to "worsen." [Doc. 1 at 3].

6

Case 5:22-cv-00035-MR   Document 13   Filed 07/11/22   Page 6 of 11

Therefore the Plaintiff's Eighth Amendment claim is dismissed for failure to state a claim upon which relief can be granted.

The Plaintiff's allegation that segregation for more than 90 days violates prison policy does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). For the reasons discussed *supra*, the Plaintiff has failed to establish that any constitutional violation occurred. Thus, the Plaintiff's allegations that the Defendants violated prison policy are dismissed as frivolous.

**C.  Immediate Release**

As relief, the Plaintiff seeks *inter alia* his immediate release from prison, which is not available in this § 1983 action. See Prieser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). To the extent that the Plaintiff seeks release from his present incarceration,

7

Case 5:22-cv-00035-MR   Document 13   Filed 07/11/22   Page 7 of 11

he must do so, if at all, in a separate civil action.[1]  See generally 28 U.S.C. § 2254.

    **D.    Pending Motions**

The Plaintiff has filed a Motion for Preliminary Injunction [Doc. 3] and an "Order to Cause for [an] Injunction a Temporary Restraining Order" [Doc. 12], which is construed as a Motion for Preliminary Injunction and for a Hearing.  The Plaintiff argues that he is suffering irreparable harm, i.e., segregation and continued incarceration, from the Defendants' careless and deliberately indifferent actions.  He claims that he has been on "self injury behavior" for 50 of the 200 days that he has spent in segregation because he "tried to kill [himself]." [Doc. 13 at 1].  He further contends that the Court "ordered the preliminary injunction, but the defendants [are] not in compliance with the order." [Id.].  He asks to be released from segregation and to be awarded good time and gain time credits.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court.  In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003).  It is an extraordinary remedy never awarded as of right.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7,

---

[1] The Court expresses no opinion about the potential merit or procedural viability of such an action.

24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20.

As a preliminary matter, the Plaintiff's contention that the Court entered a preliminary injunction that the Defendants have refused to honor is mistaken; no preliminary injunction has been entered in this case. Moreover, the Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, the Plaintiff's requests for preliminary injunctive relief and for a hearing are denied without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Complaint is dismissed without prejudice and the Motions seeking preliminary injunctive relief and a hearing are denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order

9

and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Motion for Preliminary Injunction [Doc. 3] is **DENIED**.

4. The "Order to Cause for [an] Injunction a Temporary Restraining Order" [Doc. 12] is construed as a Motion for Preliminary Injunction and a Hearing and is **DENIED**.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge

11

Case 5:22-cv-00035-MR   Document 13   Filed 07/11/22   Page 11 of 11