IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00035-MR

| | | |
|---|---|---|
| **JUSTIN JARELL EASON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FNU TURNER, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Leave to File an Amended Complaint and Amended Preliminary Injunction" [Doc. 14].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. He also moved for preliminary injunctive relief. [Docs. 3, 12].

On July 11, 2022, the Court issued an Order dismissing the Complaint on initial review as frivolous and for failure to state a claim upon which relief can be granted, and denying preliminary injunctive relief. [Doc. 13]. The Court granted the Plaintiff leave to file a superseding Amended Complaint within 30 days. [Id.]. The Plaintiff was cautioned that, "[s]hould the Plaintiff

fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff." [Id. at 10].

The same day that the Court issued its Order, the Plaintiff filed the instant "Motion for Leave to File an Amended Complaint and Amended Preliminary Injunction."[1]  [Doc. 14]. He seeks his immediate release from solitary confinement, and to add Dara E. Simms, the psychological staff coordinator, as a Defendant.  [Id. at 1].  He has attached documents addressing an incident on December 17, 2021 when the Plaintiff attempted to hang himself, which triggered self-injury precautions including close observation.  [Doc. 14-1].  According to the Plaintiff, these documents "proved mismanagement and deliberate indifference (or) abuse of defendant job description at best confinement in an isolated cell is a form of punishment subject to scrutiny under Eighth Amendment standards." [Id.].

The Plaintiff's request for leave to amend is moot because the Court granted him leave to do so in the July 11 Order. [Doc. 13]. His request for preliminary injunctive relief is denied for the reasons previously discussed. [Id. at 8-9].

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Moreover, the Plaintiff has failed to file a superseding Amended Complaint in accordance with the July 11 Order and the time to do so has expired. The Court is unable to proceed, and this case will, therefore, be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se "Motion for Leave to File an Amended Complaint and Amended Preliminary Injunction" [Doc. 14] is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge